Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.

---

QUIÑONES *v.* THE DISTRICT COURT.

APPLICATION for a Writ of *Certiorari.*

No. 22.—Decided December 7, 1906.

CERTIORARI—ACTS PERFORMED BY MARSHAL.—The writ of *certiorari* will issue only from a superior court to an inferior court and never against the marshal of

the court to review the proceedings conducted by him, because only the proceedings of a court are subject to review by virtue of the writ of *certiorari.*

ID.—CASES IN WHICH PETITIONER WAS NOT A PARTY TO THE PROCEEDING.—The writ of *certiorari* will not issue in a case where the petitioner is not a party to the suit or proceeding the review of which is sought.

ID.—ORDINARY REMEDY.—The writ of *certiorari* will not issue where there is an ordinary remedy at law for the reparation of the injury suffered.

The facts are stated in the order.

Mr. *José G. Torres* for petitioner.

Order of the court:

With respect to the writ of *certiorari* applied for against the marshal of the Municipal Court of Vega Baja, such writ does not lie for the review of the proceedings had before the marshal of a court, as the act authorizing writs of *certiorari* only provides that said writs be issued by a superior to an inferior court, and the proceedings before a marshal in the discharge of his functions must not be confused with the proceedings had in a court, the latter only being subject to review by virtue of the writ of *certiorari;* nor does the writ of *certiorari* applied for lie against the first section of the District Court of San Juan to review proceedings had therein in the *mandamus* case to which the petition refers, because the petitioner in this case was not a party to said *mandamus* case, and, consequently, lacks legal capacity to apply to this court to review and correct under the writ of *certiorari* the errors which may have been committed in said case; and, finally, the writ of *certiorari* being an extraordinary remedy, recourse should not be had thereto in cases. in which an adequate and legal remedy exists, and the intervenor or petitioner in this case has such remedy against the execution creditors, Messrs. Forteza, Alonzo & Co., who furnished a bond in the sum of $600 as is deduced from the petition itself; and furthermore, as the decision rendered by the First Section of the District Court of San Juan in the *mandamus* case referred to is a decision of a final character,. the marshal of the Municipal Court of Vega Baja could have:

appealed therefrom to this court, thus providing another ordinary and legal remedy.

For the reasons stated the application for the writ of *certiorari* is denied.